**UNITED STATES of America, Plaintiff,**

v.

**Thomas K. DOHERTY, Nelson E. Barner, Nicholas Salerno, Arthur Pino, Robert W. Clemente, Sr., John A. Deliere, Michael Doherty, Defendants.**

**Crim. No. 86–240–Y.**

United States District Court, D. Massachusetts.

Jan. 12, 1987.

* Deleted by Court for purposes of publication.

---

## SEQUESTRATION ORDER

YOUNG, District Judge.

The case presently before this Court is scheduled to take more than five weeks to try. It is a multi-defendant conspiracy and mail fraud criminal action. The principal government witness is a convicted felon who has been admitted to the Federal Witness Protection Program and requires extensive security from the United States Marshal's Service.

Security in the United States Courthouse in Boston is, despite the Marshal's best efforts, well below the minimum requirements for such a facility. The public has virtually unlimited access to all but two floors of the courthouse building and the offices of various of the judges are utterly devoid of any security measures at all save for locks on the doors.

In addition to the lack of security for the courthouse as a whole, the instant action is being tried in a large General Services Administration meeting room. The room has three access doors, only one protected by a metal detector. The other two doors are kept unlocked during normal business hours. The unlocked room being used as the judge's lobby can be reached from a public hallway through a Bankruptcy Court duplicating room or from the Bankruptcy Court Clerk's office through a bathroom. The room being used as a jury room is little more than a wallboard enclosure opening out into a storage room and back hallway to the left and the major public hallway to the right. Jurors must cross this hallway to reach the public restrooms as the jury room has no restroom facilities. Naturally, counsel, witnesses, and onlookers congregate in this hallway during court recesses (of which there are more than a normal amount in this case in view of the evidentiary complexities perceived by counsel). The back hallway is frequented by the public on their way to and from the public cafeteria located in the courthouse. There are no facilities in Boston where empanelled or deliberating jurors may dine apart from the public, so jurors are thrown together with the parties, counsel, and witnesses in the cafeteria lines.

Such a situation is fraught with a multitude of dangers, any one of which may compromise the integrity, fairness, and impartiality of this trial, not to mention the safety of the participants. Accordingly, having received and carefully considered the recommendations of the United States Marshals, the court orders that the jury be sequestered during each trial day in which their presence in the courthouse is required. During such sequestration, the jury will remain together in the jury room during any recess, the court will provide donuts and the like during the morning recess, and the United states Marshals will escort jurors to the restrooms during the time they are present in the courthouse.

SO ORDERED.